

**FILED**
**Sep 25, 2025**
**04:31 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Robert Anderson

v.

U.S. Foods, Inc., et al.

Docket No.    2025-80-0906

State File No.    44139-2022

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

---

### Affirmed and Remanded--Corrected

---

In this interlocutory appeal, the employer questions the trial court's decision to partially deny the employer's motion to compel discovery. The employer sought discovery related to the employee's children, employment, and income, as well as various financial documents, and the employee objected on multiple bases. In a decision on the record, the trial court granted the employer's motion as it pertained to production of the employee's W-2 and tax information, but it denied the motion in all other respects. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Houston M. Gunn and Gregory H. Fuller, Brentwood, Tennessee, for the employer-appellant, U.S. Foods, Inc.

Charles L. Holliday, Jackson, Tennessee, for the employee-appellee, Robert Anderson

### Factual and Procedural Background

Robert Anderson ("Employee") reported sustaining an injury to his back on June 15, 2022, when a stack of boxes fell while he was making deliveries for U.S. Foods, Inc. ("Employer"). Although certain aspects of the claim process are unclear from this record, it appears that Employer initially accepted the claim but later denied any additional benefits. As the basis for its denial, Employer asserted that Employee had suffered a subsequent injury to the same body part and had received a monetary settlement for that

injury, which Employer asserted ended its obligation to provide any further benefits for the June 2022 incident.[1]

Employee filed a petition for benefit determination on February 10, 2025, and a dispute certification notice ("DCN") was issued in June. In response, Employer alleged that Employee was involved in a motor vehicle accident in August 2023 for which he received medical treatment and a monetary settlement for injuries to his lower back. The DCN identified medical benefits, temporary disability benefits, and permanent disability benefits as disputed issues. For its part, Employer asserted its liability for the claim "was severed by an intervening accident" and that it is "entitled to recoupment and a credit for TTD collected by Employee while working."

On June 25, Employer filed a motion to compel medical releases, which would give it access to Employee's prior medical records. Employer asserted it had requested executed releases in March and then again in May but had not received the releases. Employer also filed a motion to compel responses to certain interrogatories and requests for production of documents, arguing that the "fundamental question raised in this motion is whether the Employee is required to produce discovery related to his children and finances." Employer stated that, as with its request for signed medical releases, it had forwarded written discovery to Employee in March and had followed up in May. Although Employee responded to some of the interrogatories and requests for production on May 7, he objected to several discovery requests. Employer argued that the inquiries were proper, relevant, and/or likely to lead to the discovery of admissible evidence. The interrogatories and requests at issue are as follows:

> Interrogatory No. 2: Do you have any children, adopted or otherwise? If so, please set forth their full names, addresses, dates of birth, and the names and addresses of the biological parents.
>
> Interrogatory No. 3: Do you contribute to the financial support of any of the children or stepchildren referred to in the preceding Interrogatories? If so, please state the nature of the support, including amounts and percentages of support.
>
> Interrogatory No. 10: Please list all banks where you have an account or access to joint account, including but not limited to checking, savings, or investment accounts.
>
> Interrogatory No. 11: State any and all sources of income from which you have received a benefit beginning with the date of the incident through the

---

[1] The record does not contain a clear description of the factual history of the claim. We have gleaned what information we can from the record.

present. For each source, provide the following: (a) The name of the source; (b) A description of or the reason the income and or benefit was provided to you and; (c) How much you received in a dollar amount.

Request No. 5:     A copy of your income tax for the last five (5) years.

Request No. 6:     For each job you disclosed in response to Interrogatory No. 8, please provide a copy of all pay stubs for June 15, 2022, to present.

Request No. 7:     For each bank you disclosed in response to Interrogatory No. 10 and each separate bank account you own or have access to, please provide a copy of your bank statements from June 15, 2022 to present.

Employer expressed a belief that Employee had child support obligations he had not disclosed, which may affect Employer's obligations with respect to withholding amounts subject to a garnishment. Employer also asserted that such obligations affect Employer's obligations with respect to any potential permanent disability benefits. Moreover, Employer alleged it had reason to believe Employee was earning income from other sources, which could also affect Employer's obligation to pay temporary disability benefits. In response, Employee asserted that the scope of the information sought was overbroad, not relevant, and constituted an unwarranted intrusion into his personal financial and family affairs.

In a decision on the record, the trial court sought to balance Employer's need for discoverable information against the harm that could result from its disclosure and, using this test, denied Employer's motion to compel Employee's children's personal information. The court determined that the privacy of Employee, his children, and the other parent outweighed Employer's need for the information. However, the court did find that it was reasonable for Employee to disclose whether he had any child support obligations. As a result, the court denied Employer's motion as it pertained to Interrogatory No. 2 and granted Employer's motion with respect to Interrogatory No. 3 "only to the extent that it requests whether he has any child support obligations."

Regarding Employee's financial information, the court concluded that Employee's privacy rights outweighed Employer's need for Employee's banking information, but it granted Employer's motion to compel production of Employee's W-2 and tax returns. Thus, the court ordered Employee to respond to Interrogatory No. 11 and Requests No. 5 and No. 6, but it denied Employer's motion as it related to Request No. 7. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). A trial court's decision to grant or deny a discovery motion is reviewed under an abuse of discretion standard. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004). This standard "contemplates that before a reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *Hubbard v. Sherman-Dixie Concrete Indus.,* No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v.* Farrell, 277 S.W.3d 372, 378 (Tenn. 2009)). It is also well settled that trial courts have discretion to control the pace of litigation through their supervision of cases and management of their docket. *See Smith v. The Newman Group, LLC*, No. 2015-08-0075, 2015 TN. Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

In its notice of appeal, Employer asserts the trial court erred in declining to order Employee to respond to certain interrogatories concerning his family and banking information, "including the identification of banking institutions and the production of bank statements from the date of injury to present." Specifically, Employer asserts that Employee has earned income and has child support obligations he failed to disclose, and, in such circumstances, discovery was necessary and proper to obtain the information it needed to assess Employer's obligation to pay temporary disability benefits.

In its brief on appeal, Employer argues that Employee has "no privacy right regarding (1) where he banks and (2) his bank statements because [Employee] voluntarily conveys this information to third party institutions." In other words, Employer argues that any individual who "voluntarily conveys information to a third party [i.e., the bank] has no reasonable expectation of privacy in the information conveyed." Employer asserts that if these records can be obtained "via a subpoena in a judicial proceeding it is the legislative intent that banking records are inherently discoverable."[2] In the alternative, Employer argues that, if Employee has a right to privacy for his banking information, "the relevancy

---

[2] Employer does not define what it believes "inherently discoverable" means. In the context of any given case, any document or piece of information may be discoverable or may be protected from discovery, depending on the particular circumstances of that particular case. *See* Tenn. R. Civ. P. 26.02(1) (describing a court's authority to limit discovery).

of [Employee]'s banking information to the litigation outweighs any privacy interest of [Employee]." Employer asserts that bank statements, "which show deposits of income and when the income was received, are highly relevant to the adjudication of temporary benefits."

In response, Employee argues that Employer's appeal should be dismissed because it "failed to properly raise the issue of whether the trial court abused its discretion in ruling on a discovery motion." Specifically, Employee asserts Employer framed its issue as whether it is entitled to the requested information via discovery but "fails to mention or cite, much less discuss, the standard of review that this Court is to apply with regard to a discovery motion . . . [or] argue how the trial court abused its discretion." Employee contends Employer is simply asking us to substitute our judgment for that of the trial court and that the trial court properly considered "the needs of the litigation versus the invasion of privacy and granted the motion, in part, and denied it, in part." Employee also points out that Employer is receiving the information it requested regarding Employee's income, "since the court granted the requests as to W-2s and tax returns, which also would show his income."

In its reply brief, Employer asserts the trial court abused its discretion because the evidence did not support its decision. Specifically, Employer argues that Employee's "income and earnings are a chief controversy to the litigation before the court" because Employer believes Employee may have obtained employment with another employer after reporting his work injury. Employer contends that the relevancy of the requested materials "far exceeds" any privacy interests and the trial court's conclusion was illogical and based on an erroneous assessment of the evidence. Employer also argues that the court failed to apply the appropriate legal principles because Employee "has no privacy interest in the requested materials" and the court "relied on no source of law establishing privacy in the requested banking information and records, let alone privilege." Thus, Employer argues that if Employee "has no privacy interest then the trial court has no legal foundation to find [Employee] has a privacy interest . . . and [Employee's] privacy interest cannot outweigh the relevancy of the materials requested." Finally, Employer responded to Employee's argument that the trial court's ruling "did not prevent Employer from asking Employee about income from other sources and potentially issuing subpoenas to those sources for copies of his incomed earned from those other sources." Employer contends that this is not within a range of acceptable dispositions because it "runs directly opposite to any finding of privacy, which the trial court relied upon." In other words, Employer asserts it is incongruous for Employee to argue he has a privacy right in his bank account information while simultaneously acknowledging that such records can be subpoenaed regardless of that privacy right. Employer asserts that Employee is the "direct and immediate source" of his income, and to accept Employee's argument in his brief on appeal "would establish a precedent that no individual shall be compelled to produce any documents which they have in their possession or reasonable access to, so long as the materials could be in the possession of a third party."

We conclude, however, that Employer's argument disregards a trial court's critical role in addressing the scope of discovery. In *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600 (Tenn. Ct. App. 2004), the Tennessee Court of Appeals explained:

> Analyzing whether a discovery request is proper requires the balancing of numerous considerations. There is no sharp line of demarcation which separates the field in which discovery may be freely pursued from that in which it is forbidden. These considerations include relevancy or reasonable possibility of information leading to discovery of admissible evidence; privilege; protection of privacy, property and secret matters; and protection of parties or persons from annoyance, embarrassment, oppression, or undue burden or expense.

*Id.* at 605 (internal quotations marks and citations omitted).

Pursuant to Rule 26 of the Tennessee Rules of Civil Procedure, discovery must be relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence, and it must be appropriate to the needs of the case. In fact, Rule 26.02 specifically gives a trial court the discretion to limit discovery depending on "the needs of the case, the amount in controversy, . . . and the importance of the issues at stake in the litigation."

Here, the trial court cited the Tennessee Supreme Court's decision in *West v. Schofield*, 460 S.W.3d 113, 127-28 (Tenn. 2015), and noted it is tasked with properly balancing Employer's need for this information against the harm that could result from its disclosure. In *West*, the Supreme Court discussed the balancing test a trial court must use when assessing disputed discovery requests. It stated that *even if* the requested information is not privileged and is relevant to an issue in the case, the trial court should still "balance the specific need for the information against the harm that could result from disclosure." *Id.* at 128. In doing so, the trial court in *West* considered, among other things, the privacy and property interests of the party from whom the information was being sought.

In the present case, the court ultimately concluded that the privacy rights of Employee and his children, as well as that of the other parent, outweighed Employer's need for that specific information. In other words, the specific information requested, including his children's "full names, addresses, dates of birth, and the names and addresses of the biological parents" does not, standing alone, provide any information regarding Employee's child support obligations, if any. Moreover, Employer has alternative, less intrusive ways of obtaining relevant information concerning Employee's child support obligations, including directly asking Employee whether he has a child support obligation. In short, we find nothing in the record indicating that the trial court abused its discretion in

denying portions of Employer's motion as it relates to Employee's bank statements and personal information about his children.[3]

Finally, Employee asserts that Employer's appeal is frivolous. In its reply brief, Employer argues that the merits of its argument raised in its brief on appeal and reply brief involve issues pertaining to Employee's privacy rights and a "complex balancing of competing interests." Employer contends this is not a frivolous appeal and to rule otherwise would have a "chilling effect" upon the right to appeal orders. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding."). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). In considering the totality of the circumstances, we do not find this appeal to be frivolous, and we therefore deny Employee's request for attorneys' fees and costs.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.

---

[3] Employer cites cases dealing with subpoenas and Fourth Amendment searches and seizures in support of its position that Employee has no privacy right regarding his banking information. We agree with Employee that the issue here is not whether Employer can subpoena Employee's bank records, but whether the trial court abused its discretion by denying Employer's motion to compel responses/documents under the particular circumstances of the present litigation.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Robert Anderson | Docket No. 2025-80-0906 |
|---|---|
| v. | State File No. 44139-2022 |
| U.S. Foods, Inc., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Houston M. Gunn Gregory H. Fuller | | | | X | hmgunn@mijs.com ghfuller@mijs.com emloh@mijs.com |
| Charles L. Holliday | | | | X | chuck@gogetchuck.com ashley@gogetchuck.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov